RUSSELL, J.,
concurring in part and dissenting in part:
¶ 26. I agree with the majority’s decision to reverse and remand this case, but I respectfully disagree with its reasoning and directions on remand. I would reverse and remand for a new trial.
¶ 27. The majority finds “that [Chancellor] Alderson abused his discretion as he failed to make a proper review of the *783 record and hearings before ruling on the motion to alter or amend or for a new trial.” Chancellor Alderson had reviewed at least some of the record and determined that “there [was] no way that [he could] do equity to [Toulman] or to [Grace] with no more than [he knew] about this case. The only way that [he] could do equity or do justice to them would be to completely start anew.”
¶ 28. Neither our procedural rules nor our case law authorized Chancellor Aider-son to deny Toulman’s post-trial motion on the basis that “[t]he appellate court [was] in a better position to decide [the] matter.” Mississippi Rule of Civil Procedure 59(a) provides:
A new trial may be granted ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi^]
On a motion for a new trial in an action without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment....
Mississippi Rule of Civil Procedure 63(b) authorizes a successor chancellor to perform the same duties as the earlier chancellor. “[B]ut if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial.” Id. Rule 63(b) gives the successor chancellor, Chancellor Alderson, two options: (1) to make a decision with the available record or (2) to grant a new trial, in his discretion. Chancellor Alderson determined that he could not perform those duties and denied a new trial, stating that “[t]he appellate court is in a better position to decide this matter.” While a new trial is not mandatory, to deny a new trial once a determination is made that the chancellor cannot make a decision without starting anew leaves the parties with no final resolution of the disputed issues at the trial level. The chancellor refused to make a decision on the merits, yet he refused to ■grant a new trial. The denial of the motion filed pursuant to Mississippi Rules of Civil Procedure 59(a) and 60(b) based on the reason provided by the chancellor is an abuse of discretion.
¶ 29. I recognize that once assigned to this case, Chancellor Alderson was placed in a quagmire of domestic litigation and alleged wrongdoing of the previous chancellor. But he had a constitutional and professional duty to address fully the parties’ issues before simply denying the requested relief and encouraging them to invoke this Court’s jurisdiction. The majority’s directive to Chancellor Alderson that upon review of the record he “shall determine whether Judge Roberts should have recused earlier and, if so, require a new trial” or “may otherwise conclude that Judge Roberts’s rulings do not reflect an appearance of impropriety and, therefore, determine that a new trial is not warranted” further complicates this matter. I am of the opinion that Chancellor Alderson would be acting beyond the scope of his authority by following such a directive to make a determination regarding the timing and propriety of Chancellor Roberts’s recusal or rulings.
¶ 30. To avoid prolonging the litigation between these parties and to remove any appearance of partiality, Chancellor Aider-son should completely start anew. Chancellor Alderson abused his discretion by denying the motion for a new trial. I would reverse and remand for a new trial.
IRVING, P.J., JOINS THIS OPINION.